UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD D. WILLIAMS and BRENDA R.
WILLIAMS,

       Plaintiffs,

v.

U.S. BANK NATIONAL ASSOCIATION,

       Defendant.
                                         /

Case No. 10-14967

Honorable John Corbett O'Meara

       This matter came before the court on defendant U.S. Bank National Association's April 1, 2011 motion for judgment on the pleadings. Plaintiffs Ronald and Brenda Williams filed a late response brief May 25, 2011; and Defendant filed a reply May 27, 2011. The court heard oral argument on the motion June 2, 2011. For the reasons set forth below, the court will grant Defendant's motion.

## BACKGROUND FACTS

       Plaintiffs Ronald and Brenda Williams defaulted on a mortgage loan for a residential property in Oak Park, Michigan. On March 2, 2010, the property was sold at a sheriff's auction to defendant U.S. Bank National Association ("U.S. Bank"). The redemption period expired September 2, 2010; and Plaintiffs failed to redeem the property. Defendant filed an eviction action against Plaintiffs on October 4, 2010. On November 15, 2010, Plaintiffs filed this six-count complaint alleging the following causes of action: 1) Count I, quiet title; 2) Count II, unjust enrichment; 3) Count III, innocent/negligent misrepresentation; 4) Count IV, fraud based upon silent fraud and bad faith promises; 5) Count V, constructive trust; and 6) Count VI, deceptive act and/or an unfair practice. Defendant filed timely notice of removal based on diversity of citizenship.

## LAW AND ANALYSIS

Under Michigan law, in order to have standing, a party must have "a legal or equitable right, title or interest in the subject matter of the controversy." MOSES, Inc. v. Southeast Michigan Council of Gov'ts, 270 Mich. App. 401, 414 (2006). Once the redemption period following foreclosure of property has expired, the former owner's rights in and title to the property are extinguished. Piotrowski v. State Land Office Bd., 302 Mich. 179, 187 (1942). As explained recently by the Michigan Court of Appeals:

> Plaintiff's suit did not toll the redemption period. Plaintiff is simply trying to wage a collateral attack on the foreclosure of the property. . . . [P]laintiff was required to raise the arguments when the foreclosure proceedings began. Plaintiff made no attempt to stay or otherwise challenge the foreclosure and redemption sale. . . . Once the redemption period expired, all of plaintiff's rights in and title to the property were extinguished.

Overton v. Michigan Elec. Reg. Sys., 2009 Mich. App. LEXIS 1209, *3-4 (May 28, 2009). See also Smith v. Wells Fargo Home Mortg., Inc., 2010 U.S. Dist. LEXIS 133957 *6-9 (E.D. Mich. Aug. 16, 2010). In this case, the redemption period expired on September 2, 2010; therefore, Plaintiffs lack standing to challenge the foreclosure absent a showing of fraud or irregularity, neither of which Plaintiffs have shown.

In their response brief, Plaintiffs argue that the Michigan Court of Appeals recently held that Mortgage Electron Registration System ("MERS") was not the owner of the indebtedness nor had an interest in the indebtedness and therefore could not foreclose on the property by advertisement against the homeowner. Residential Funding Co., L.L.C. v. Saurman, ___ Mich. App. ___, 2011 Mich. App. LEXIS 719 (Mich. Ct. App. Apr. 21, 2011). However, Saurman does not apply here. In this case U.S. Bank, not MERS, initiated the foreclosure by advertisement. To the extent Plaintiffs challenge any assignment from MERS to U.S. Bank, Plaintiffs lack standing to do so

because they were not a party to those assignments. See Livonia Props. Holdings, LLC v. 12840-12976 Farmington Rd. Holdings, LLC, 399 F. Appx. 97, 102-03 (6th Cir. 2010).

Michigan's Statute of Frauds also bars Counts I-V of the complaint, in which Plaintiffs allege that Defendant breached an oral promise to negotiate a loan modification and to halt the sheriff's sale of the property. Plaintiffs have failed to produce a writing signed by U.S. Bank that shows such an agreement. Michigan's Statute of Frauds provides,

> (2) An action shall not be brought against a financial institution to enforce any of the following promises or commitments of the financial institution unless the promise or commitment is in writing and signed with an authorized signature by the financial institution:
>
> (a) a promise or commitment to lend money, grant or extend credit, or make any other financial accommodation;
>
> (b) a promise or commitment to renew, extend, modify, or permit a delay in repayment or performance of a loan, extension of credit, or other financial accommodation.
>
> (c) a promise or commitment to waive a provision of a loan, extension of credit, or other financial accommodation.

Mich. Comp. Laws Ann. § 566.132.

The pertinent language is "unambiguous. It plainly states that a party is precluded from bringing a claim–no matter what its label–against a financial institution to enforce the terms of an oral promise to waive a loan provision." Crown Tech. Park v. D&N Bank, FSB, 242 Mich. App. 538, 550 (2000). In this case Plaintiffs allege that U.S. Bank promised to "delay" the repayment of the loan or "waive" or "modify" a provision of the loan and/or make "financial accommodations." To enforce such a promise under Michigan law, the promise(s) must be in writing and signed by the bank. Plaintiffs claim that an email exchange between Bloomfield Financial Services and Paula Martin of U.S. Bank constitutes the requisite signed writing. However, at best the email message

is evidence of a previous "verbal promise" and insufficient to satisfy the statute of frauds. See Williams v. JP Morgan Mortgage Acquisition Corp., 2010 U.S. Dist. LEXIS 25936, *9 (E.D. Mich. Mar. 19, 2010).

In addition, Count V alleges a claim for "constructive trust," which is a remedy, not a cause of action. Count VI regarding "robo-signing" fails to state a claim.

## ORDER

It is hereby **ORDERED** that defendant U.S. Bank's April 1, 2011 motion for judgment on the pleadings is **GRANTED.**

                                                    s/John Corbett O'Meara
                                                    United States District Judge

Date: June 9, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, June 9, 2011, using the ECF system.

                                                    s/William Barkholz
                                                    Case Manager