UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD D. WILLIAMS and BRENDA R.
WILLIAMS,                                            Case No. 10-14967

       Plaintiffs,                              Honorable John Corbett O'Meara

v.

U.S. BANK NATIONAL ASSOCIATION,

       Defendant.
_____/

## ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs Ronald D. and Brenda R. Williams filed a motion for reconsideration of this court's June 9, 2011 Order Granting Defendant's Motion for Judgment. They subsequently filed a supplemental brief to their motion. Defendant U.S. Bank National Association filed responses to both the motion for reconsideration and Plaintiffs' supplemental brief. Pursuant to Local Rule 7.1(h)(2), no oral argument was heard.

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Local Rule 7.1(h)(3).

In their motion for reconsideration, Plaintiffs contend that the court failed to consider certain email exchanges between third party Bloomfield Financial Services and U.S. Bank as evidence of fraud or irregularity to justify setting aside the foreclosure sale. However, the court expressly

addressed the argument in the June 9, 2011 order.  Therefore, that portion of Plaintiffs' motion presents the same issues ruled upon by the court.

Plaintiffs also assert that the court did not consider alleged violations of Mich. Comp. Laws Ann. § 600.3205.  However, not only was this claim not pleaded in the complaint, it would fail as a matter of law, as Plaintiffs' only remedy under the statute would have been to file a circuit court action before the foreclosure sale.  This Plaintiffs failed to do.

In their supplemental brief Plaintiffs argue that two cases, Bakri v. MERS, Inc., No. 297962, 2011 Mich. App. LEXIS 1455 (Mich. Ct. App. Aug. 9, 20110, and Richard v. Schneiderman & Sherman, P.C., No. 297353, 2011 Mich. App. LEXIS 1522 (Mich. Ct. App. Aug. 25, 2011), constitute "an intervening change" in the controlling law under Rule 60(b) of the Federal Rules of Civil Procedure.

Both Bakri and Richard, decisions from the Michigan Court of Appeals, are not "controlling law."  Moreover, this court has held that Bakri has no effect following the Michigan Supreme Court's holding in Residential Funding Co., L.L.C. v. Saurman, 490 Mich. 909 (2011).  See Schare v. MERS, Inc., No. 11-11889, 2011 U.S. Dist. LEXIS 141703, *7 (E.D. Mich. Dec. 9, 2011) ("As indicated, the Bakri decision was based entirely upon the Court of Appeals' earlier decision in Saurman.  In light of the Michigan Supreme Court's reversal of that decision, if the 'successors and assigns' issue were to reach the Michigan Supreme Court, the Court believes that the Supreme Court would likewise reverse Bakri and, consistent with it decision in Saurman, would probably hold that a MERS assignee has a sufficient ownership interest in the indebtedness secured by the mortgage to authorize the assignee to foreclose by advertisement.").  The same reasoning applies to Richard,

2

that the Michigan Supreme Court's reversal of <u>Saurman</u> would also overrule <u>Richard</u>.  Therefore,

neither <u>Bakri</u> nor <u>Richard</u> constitute an intervening change in controlling law.

## **<u>ORDER</u>**

It is hereby **ORDERED** that Plaintiffs' motion for reconsideration is **DENIED.**


<u>s/John Corbett O'Meara</u>
United States District Judge


Date:  March 29, 2012




I hereby certify that a copy of the foregoing document was served upon counsel of record on
this date, March 29, 2012, using the ECF system.


<u>s/William Barkholz</u>
Case Manager